PHILLIP H. BRAY v. HOMER R. WADFORD

No. 7310DC42

(Filed 25 April 1973)

Contracts § 14—loan of money to purchase stock—partial payment for stock—abandonment of stock contract—lender is not third-party beneficiary

> Where defendant agreed to sell his stock in a corporation to one Tolley for $10,000 and other consideration, Tolley entered into an agreement with plaintiff whereby plaintiff was to loan $15,000 to Tolley for the purpose of obtaining all of the stock of the corporation and plaintiff gave Tolley a check for $15,000 pursuant to such agreement, Tolley paid defendant $5,000 of the money received from plaintiff in partial payment for defendant's stock and the contract between Tolley and defendant was thereafter abandoned, plaintiff was not a third-party beneficiary of the contract entered into between Tolley and defendant and could not recover the $5,000 paid to defendant as money had and received.

APPEAL by defendant from judgment entered 25 August 1972 by *Horner, District Judge,* District Court of WAKE County.

This action was tried by the court without a jury. In pertinent part the evidence may be summarized as follows.

Defendant owned one-third of the outstanding stock of Triangle Distributors, Inc. (Triangle). On 25 May 1970, he signed a letter of intent wherein he agreed to sell all of his stock to one Edward D. Tolley for a cash payment of $10,000.00, title to a designated automobile and release from all personal liability and personal guarantees with respect to the corporation. Tolley paid defendant $5,000.00 on 28 May 1970. Payment was made by a check signed by Tolley which was drawn on a personal account in his name. Since that time Tolley has neither paid nor tendered the balance due. Defendant was not relieved of personal liability with respect to the corporation. Creditors of the corporation "were coming after me (defendant) personally."

At the time of the defendant's agreement with Tolley, Triangle's stock was owned equally by defendant, Tolley and one Spencer. Plaintiff's exhibit three is an undated letter from Spencer to Tolley wherein Spencer agreed to sell all of his stock for $7,000.00 in addition to being relieved of all personal guarantees with respect to the corporation. Tolley gave Spencer a check for $3800.00 dated 12 June 1970 but plaintiff did not

know whether this was a part payment for Spencer's stock or a payment of a note that was due Spencer. Tolley never acquired Spencer's stock.

Plaintiff introduced the minutes of what appears to have been a meeting of the officers of Triangle held on 16 September 1970 and attended by: Tolley, President; Spencer, Vice President; Homer Wadford and, as designated in the minutes, "Prospective Stock Holder: Phillip H. Bray," the plaintiff here. The minutes indicate that the following matters, among others, were acted upon: Plaintiff was employed as general manager; Tolley was placed in charge of sales; due to the existing financial situation it was agreed to sell up to 1,000 additional shares of stock "at par value or $100.00 per share;" and a stockholders meeting was set for 23 September 1970.

Plaintiff introduced a contract dated 25 May 1970 between plaintiff and Tolley. The agreement contains the following:

"Phillip H. Bray agrees to loan Edward D. Tolley $15,000.00 (Fifteen Thousand dollars) for the purpose of obtaining 100% ownership of the business known and operating as 'Triangle Distributors, Inc.' It is further understood that Phillip H. Bray will receive 49% ownership of the above named business from Edward D. Tolley; leaving Edward D. Tolley with 51% ownership of this business."

The agreement went on to recite that the $15,000.00 loan to Tolley by plaintiff had been borrowed by plaintiff and would be repaid equally by plaintiff and Tolley. Tolley agreed to transfer 49% ownership to plaintiff as soon as possible and not later than 90 days from the date of the agreement.

At the time defendant signed the letter of intent to Tolley, he had never met plaintiff. Defendant testified that he did not know of the agreement between plaintiff and Tolley until after suit was filed. Plaintiff testified that several weeks after the letter was written, he was introduced to defendant by Tolley as "this is Phil Bray. Phil and I are the ones that are buying your interest." Neither party sought to make Tolley a party to the law suit.

Except where quoted, the pertinent findings of fact by the district court judge are summarized as follows.

The agreement between Tolley and defendant was entered into pursuant to the agreement between Tolley and plaintiff.

Defendant knew there was a third party with an interest in the contract but did not know his identity. "(T)hat . . . plaintiff . . . caused to be paid by check to the defendant the sum of $5,000.00 on account in partial payment for defendant's stock." All of the stock in the corporation was owned in equal shares by Tolley, Spencer and defendant. Two months after the contract between Tolley and defendant, and after defendant learned that plaintiff was "the third party," defendant told plaintiff and Tolley that their deal was off and that he and one Lewis were going to take over the company. On 16 September the corporation agreed to issue a $100,000.00 in additional capital stock, "thus rendering the agreement incapable of being fulfilled. . . . " Defendant treated the agreement as abandoned and never transferred any of his stock to plaintiff or Tolley and has refused to refund the $5,000.00 paid on account.

The court made the following conclusions of law.

"1. The plaintiff, Phillip H. Bray, was a third-party beneficiary to the agreement between Edward D. Tolley, Sr. and defendant, Homer R. Wadford.

2. That the agreement was abandoned as of September 16, 1970.

3. That the defendant is indebted to the plaintiff for money had and received, and the plaintiff is entitled to recover from the defendant the sum of $5,000.00 with interest thereon from the 16th day of September, 1970."

Upon these findings and conclusions the court entered judgment against defendant for $5,000.00 with interest from 16 September 1970. Defendant appealed.

*Sanford, Cannon, Adams & McCullough by J. Allen Adams, H. Hugh Stevens and Richard G. Singer for plaintiff appellee.*

*Reynolds, Farmer & Russell by E. Cader Howard for defendant appellant.*

VAUGHN, Judge.

Defendant excepted to the court's finding of fact " . . . plaintiff, on the 28th day of May 1970, *caused to be paid* by check to the defendant the sum of $5,000.00 on account in partial payment for defendant's stock." (Emphasis added.) Although the legal significance of the finding excepted to is obscure,

we agree that it is not supported by the evidence. It may well be conceded that plaintiff advanced Tolley a sum of money for the purposes expressed in the agreement between plaintiff and Tolley dated 25 May 1970. Even if we assume, however, that the money turned over to Tolley by plaintiff was the source of some or all of the money used by Tolley to make the 28 May 1970 payment to defendant, there is nothing in this record to sustain a judgment for plaintiff against defendant for the sum so paid.

Reversed.

Judges BROCK and HEDRICK concur.